IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABDULLAH G. HUBBARD, ROBERT, SAUNDERS, MEL MCCALISTER, NORMAN INGRAM, JAMES WILSON, DAVID T. SCOTT, MICHAEL BARTLEY, DAMON GIBSON, and BRYON WARNER,<br><br>       Plaintiffs,<br><br>       v.<br><br>COMMISSIONER CARL DANBERG, DEPUTY COMMISSIONER THOMAS CARROLL, ACTING WARDEN BETTY BURRIS, RON HOLSTERMAN, MIKE LITTLE, CAPTAIN MICHAEL MCCRAMER, LT. MICHAEL TRADER, SUPERVISOR LEE LEPORE, SUPERVISOR JIM MASSIE, SUPERVISOR TERRY YODER, SUPERVISOR ED BOWERS, SUPERVISOR DAN ATHERHOLT, and SGT. MARVIN CRESEY,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 07-745-GMS ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ORDER**

**I. BACKGROUND**

The plaintiffs, who proceed *pro se*, and who all are incarcerated, have filed this case without prepayment of the filing fee and without requests to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. The plaintiffs are inmates at the Delaware Correctional Center, Smyrna, Delaware and filed this lawsuit pursuant to 42 U.S.C. § 1983.

**II. THREE STRIKES PROVISION**

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new

civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. § 1915(g).

The court takes judicial notice that at least two of the plaintiffs, Robert Saunders, a/k/a Shamisdin Ali ("Saunders"), and James Wilson ("Wilson"), while incarcerated, have filed at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted as follows: For Saunders, *Saunders v. Neal*, Civ. Action No. 91-697-LON (D. Del. Mar. 1, 1993); *Saunders v. Risley*, Civ. Action No. 89-545-JRR-SLR (D. Del. July 15, 1991); *Saunders v. Raskin*, Civ. Action No. 86-035-LON (D. Del. Dec. 10, 1990); *Saunders v. Young*, Civ. Action No. 88-014-JLL (D. Del. Nov. 28, 1990); *Saunders v. Sullivan*, Civ. Action No. 86-525-LON (D. Del. Mar. 16, 1987); *Saunders v. O'Neal*, Civ. Action No. 86-586-LON (D. Del. Feb. 12, 1987); *Saunders v. Redman*, Civ. Action No. 84-295-JLL (D. Del. Mar. 17, 1986);and *Saunders v. Young*, Civ. Action No. 83-714-MMS (D. Del. Dec. 3, 1985). For Wilson, *Wilson v. McKeown*, Civ. Action No. 00-378-GMS (D. Del. July 24, 2003); *Wilson v. Holman*, Civ. Action No. 89-035-JJF, (D. Del. Apr. 24, 1989); *Wilson v. Redman*, Civ. Action No. 85-477-MMS (D. Del. Dec. 13, 1985); *Wilson v. Redman*, Civ. Action No. 85-275-JLL (D.

Del. June 11, 1985); and *Wilson v. Redman*, Civ. Action No. 84-212-JLL (D. Del. Oct. 22, 1984).

Accordingly, Saunders and Wilson may not file another civil action *in forma pauperis* while incarcerated unless are were in "imminent danger of serious physical injury" at the time of the filing of their complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001). The complaint does not meet that standard.

On January 4, 2008 Saunders submitted $250.00 towards the $350.00 filing. The partial payment does not meet the filing fee obligation. Therefore, Saunders and Wilson will be given thirty (30) days from the date of this order to pay the remaining $100.00 owed for the $350.00 filing fee.

### III. APPLICATIONS TO PROCEED WITHOUT PREPAYMENT OF FEES

As discussed above, all plaintiffs filed this action without prepayment of the filing fee or an application to proceed without prepayment of fees, and because Saunders and Wilson have "three strikes" they are required to pay the filing fee pursuant to 28 U.S.C. § 1915. At this time, however, it is unknown whether Saunders and/or Wilson will pay the filing fee in full. Therefore, pursuant to the requirements of 28 U.S.C. § 1915(a)(1) and (2), and in order to determine the schedule of payment of the filing fee, Abdullah G. Hubbard, Mel McCalister, Norman Ingram, David T. Scott, Michael Bartley, Damon Gibson, and Bryon Warner, shall submit to the Clerk of Court, a request to proceed *in forma pauperis* and a certified copy of his prison trust fund account statement (memorandum or institutional equivalent, with attachments) **showing all deposits, expenditures and balances** during the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official at each institution at which each plaintiff is confined.

## III. SBI NUMBERS

The plaintiffs did not provide the court with their SBI numbers. Therefore, the court will order all plaintiffs to provide the SBI numbers to the court within thirty days from the date of this order.

## IV. CONCLUSION

Based upon the foregoing,

1. Saunders and Wilson are given thirty (30) days from the date of this order to pay the remaining $100.00 owed of the $350.00 filing fee. Failure by Saunders and/or Wilson to pay the balance of the filing fee within that time period, shall result in their dismissal as plaintiffs pursuant to 28 U.S.C. § 1915(g).

2. Abdullah G. Hubbard, Mel McCalister, Norman Ingram, David T. Scott, Michael Bartley, Damon Gibson, and Bryon Warner, shall submit to the Clerk of Court, a request to proceed *in forma pauperis* and a certified copy of his prison trust fund account statement (memorandum or institutional equivalent, with attachments) **showing all deposits, expenditures and balances** during the six-month period immediately preceding the filing of the complaint. . Failure of each plaintiff to return the requested information within 30 days from the date of this order shall result in his dismissal from this action without prejudice.

3. All plaintiffs shall provide their SBI numbers to the court within thirty days from the date of this order.

DATED: February 11, 2008

_____
CHIEF, UNITED STATES DISTRICT JUDGE



FILED

FEB 1 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE