IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Abdullah Hubard, et al. | : | |
|     Plaintiffs | : | |
| v. | : | Civil Action No. 1:07-745 (GMS) |
| COMMISSION CARL DANBERG, et al. | : | |
|     Defendants. | : | |

### MOTION TO AMEND THE COMPLAINT

Pursuant to rules 15(a) and 19(a), Fed. R. Civ. P., Plaintiffs request leave to file an amended complaint, making corrections and adding claims.

1. This is plaintiffs' first amendment to the complaint.

2. Parties have yet to be served and thus discovery process has not yet begun or ended.

3. No prejudice will be experienced by the opposing party by granting this request.

4. This Court should grant freely to amend a complaint. Forman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); Interroyal Corp. v. Sponseller, 889 F2d 108, 112 (6th Cir.), cert. denied, 494 U.S. 1091 (1990).

Respectfully submitted,

Robert Saunders, 052590
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

Dated: April 18, 2008



FILED
APR 2 2 2008
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Abdullah Hubard, et al. | : |
|     Plaintiffs | : |
| v. | : Civil Action No. 1:07-745 (GMS) |
| COMMISSION CARL DANBERG, et al. | : |
|     Defendants. | : |

<u>MOTION TO AMEND THE COMPLAINT</u>

Pursuant to rules 15(a) and 19(a), Fed. R. Civ. P., Plaintiffs request leave to file an amended complaint, making corrections and adding claims.

1. This is plaintiffs' first amendment to the complaint.

2. Parties have yet to be served and thus discovery process has not yet begun or ended.

3. No prejudice will be experienced by the opposing party by granting this request.

4. This Court should grant freely to amend a complaint. Forman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); Interroyal Corp. v. Sponseller, 889 F2d 108, 112 (6th Cir.), cert. denied, 494 U.S. 1091 (1990).

                                                      Respectfully submitted,

                                                      Robert Saunders, 052590
                                                      Delaware Correctional Center
                                                      1181 Paddock Road
                                                      Smyrna, DE  19977

Dated: April 18, 2008




Robert Saunders
SBI# 052598  UNIT
DELAWARE CORRECTIONAL CENTER
118 ␣ PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of the Court
U.S. District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE
19801

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABDULLAH G. HUBBARD, ROBERT SAUNDERS, MEL MCALLISTER, NORMAN INGRAM, JAMES WILSON, DAVID T. SCOTT, MICHAEL BARTLEY, DAMON GIBSON, BRYON WARNER,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSONER CARL DANBERG, DEPUTY COMMISSIONER THOMAS CARROLL, ACTING WARDEN BETTY BURRIS, RON HOLSTERMAN, DIRECTOR OF PROGRAMS, MIKE LITTLE, LEGAL ADMINSTRATOR, CAPTAIN MICHAEL MCCRAMER, LT. MICHAEL TRADER, SUPERVISOR LEE LEPORE, SUPERVISOR JIM MASSIE, SUPERVISOR TERRY YODER, SUPERVISOR ED BOWERS, SUPERVISOR DAN ATHERHOLT, ande SGT. MARVIN CRESEY,<br><br>Defendants. | CIVIL ACTION NO: 1:07-cv-745<br><br>JURY TRIAL DEMANDED<br><br>FIRST AMENDED COMPLAINT |

COMPLAINT

I. JURISDICTION

1. Jurisdiction is premised upon 28 U.S.C. 1331, 28 U.S.C. 1334, Title 42 U.S.C. 1981, 42 U.S.C. 1985, 1986, pewawnt claims for violation of the First, Eighth and Fourteenth Amendments of the U.S. Constitution pursuant to 42 U.S.C. 1983.

II. PARTIES

2. Plaintiff Abdullah G. Hubbard is an adult individual confined at Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

3. Robert Saunders, is an adult individual confined at Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

4. Mel McAllister is an adult individual confined at

Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

5. Norman Ingram is an adult individual confined at Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

6. James Wilson, is an adult individual confined at Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977

7. David T. Scott, is an adult individual confined at Delaware Correctional Center, 1181 Paddock Road, Smyrna,DE 19977.

8. Michael Bartley, is an adult iindividual confined at Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

9. Dammond Gibson, is an adult individual confined at Delaward Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

10. Bryon Warner, is an adult individual confined at Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

11. Defendant Carl Danberg is Commissioner of the Delaware Department of Corrections. ("DOC") As such, he is the legal custodian of all prisoners senternce by the Court of Delaware, and is responsible for the safe, secure, and human housing of those prisoners. At all time relevant hereto, he has acted under color of state law. Defendant Danberg is in his individual capacity.

12. Defendant Thomas Carroll is Deputy Commissioner of the Delaware Department of Corrections ("DOC"). As such, he is the legal custodian of all prisoners sentenced by the courts of Delaware, and is responsible for the safe, secure, and human housing of those prisoners. At all time relevant hereto, he has acted under color of state law. Defendant Carroll is sued in his individual capacity.

13. Defendant Betty Burris is Acting Warden Delaware correctional Center ("DCC"). As such is the legal custodian of prisoners sentenced by the courts of Delaware, and is reponsible for the safe, secure, and human housing of those prisoners. At all time relevant hereto, she acted under color of state law. Defendant Burris is sued in her individual capacity.

14. Defendant Ron Holsterman is Director of Programs at Delaware Correctional Center ("DCC"). As such is legally responsible for programs at Delaware Correctional Center. At all time relevant hereto, he has acted under color of state law. Defendant Holsterman is sued in his individual capacity.

15. Defendant Mike Little is Legal Administrator at Delaware Correctional Center. At all time relevant hereto, he acted under color of state law. Defendant Little is sued in his individual capacity.

16. Defendant Michael McCramer is Grievance Chairman at Delaware Correctional Center. At all time relevant hereto, he has acted under color of state law. Defendant McCramer is sued in his individual capacity.

17. Defendant Michael Trader is person who participated in the violations described herein. Defendant Trader is sued in his individual capacity.

18. Defendant Lee Lepore is Supervision of the Laundry at Del;aware Correctional Center is a person who participated in the violations described herein. Defendant Lepores is sued in his individual capacity.

19. Defendant Jim Massie, is Supervisor, Motor Pool at Delaware Correctional Center is a person who participated in the violations described herein. Defendant Massie is sued in his individual capacity.

20. Defendant Terry Yoder is Supervisor of Maintenance at Delaware Correctional Center is a person who participated in the violations described herein. Defendant Yoder is sued in his individual capacity.

21. Defendant Ed Bowers is Supervisor T-3 Industry at Delaware Correctional Center is a person who participated in the violations described herein. Defendant Bower is sued in his individual capacity.

22. Defendant Dan Atherholt is Supervisor of concrete Design Systems at Delaware Correctional Center is a person who participated in hthe violations described herein. Defendant Atherholt is sued in his individual capacity.

23. Defendant Marvin Cresey is employed as Sergenat at Delaware Correctional Center is a person who participated in the violations described herein. Defendant Cresey is sued in his individual capacity.

### III. FACTUAL BACKGROUND

24. At all time relevant to this action, all defendant maintained and official but unwritten policy and practice of racial discrimination in job assignments at Delaware Correctional Center. The forms of racism executed are Institutional, Overt and Cohort. Defendants hosuing inmates in poorly venlitated area, extremely hot during summer monts, buildings (C, D, and W not airconditioned). There has been numerous grievance and letters filed with defendants

addressing the racial, ventilation, poor air quality, cold food served and discrimination against inmates with handicaps. Inmates who utilize wheelchairs, cains and crutches required wait in rain and other severe weather goto dinning hall, educational building, visiting and commissary. Oftern plaitiff's that are wheelchair bound becomes sick due waiting outside in negative weathers, vaiting various gates to be open. Plaintiff's charged to receive medical services related to illness acquired as result waiting in negative weather minus proper clothing, and waiting various gates too open. The aforemention defendants caused the illnesses by their negative actions, due to not properly training staff.

25. Defendants Danberg, Carroll, Burris, Holsterman, Trader and McCramer upon learning "NAACP Prison Chapter 2032", addressing improper spending from inmate commissary account by administration, illegal increases in commissary prices, lack of bidding for commissary products, racial discriminatin in disciplinary proceeding dealing with black inmates housed in S-Building and other buildings were defendant Trader building sergeant. The addrssing inmate employment discrimination, ovewrall racism at Delaware Correctional Center, the office was abruptly closed. The aforemention office open over nine (9) years, there wasn't 404 Incident Report written as result of rule infractions, because there wasn't any infractions. Informed by Defendent Holsterman, stated revert vack to using pens, wouldno longer have access to typewriter, computers or printers. The aforemention not done to Social Concerns Committee (Catholic Inmate Organization).

Defendant McCramer - grievance Chairman, refuse's permit any grievance concerning racial issue be heard, he make decision, group grievance cannot be heard, Inspite it states clearly procedure for hearing "universal grievances". Grievances in some cases lay dormant up to year, in atrtempt discourage inmates from proceeding with same. The Delaware Center for Justice terminated outside review contract in 2006, all reviews/appeals conducted by Department of Corrections, in violation of department's grievance procedures.

## INMATE EMPLOYMENT ISSUES

26. By policy and practice defendats subject plaintiffs with different hiring standardds then tbhose imposed on caucasian inmates. The aforementin applys to inmate organizations, were majority black. Inmate organizations such as Social Concern Committee sponsored by Catholic Church permitted have outside support group participate within institution unsupervised, prior termination of "NAACP Support Group" by defendants Carroll, Holsterman, only could meet if their were security staff acailable. Defendants subject and continue subject plaintiffs to conditions that are arbitarily diffenrent nad irrationally more severe then imposed on caucasion prisoners.

Defendants Danberg, Carroll, Burris, and Holsterman in conju nction with departmenal supervisors: Lepore - Laundry, Massie - Motor Pool; Yoder - Maintenance; Bowers - T3, Atherhold - Concret Design Stystems and Little - Law Library. Permit and encourage institutional, overt and cohert racisem to exist in hiring policy and practices at Delaware Correctional Center. Each of the defendants have ap½pliced for jobs which were more qualified then caucasian inmate and denied employment.

Black inmates classified to various jobs in aforemention departments.  Not hired due to caucasian inmates recommending to department supervisors, other caucasian inmates they should hire. There where two incidents were caucasian inmates, one assigned law library, other maintenance released from prison.  Upon returning either as result of some form of violation or new charge, reinstated in former employment.  There are specific area's (Supply Department - Laundry and Property Room) black inmates historically not assigned, due to departments supervisor not assigning black inmates to same.

In the area which housed defendant Carroll and Burris offices, dark skinned inmates not assigned.

### INMATE BREAKDOWN

| Motor Pool | Laundry - Supply | Law Library | Property Room |
|---|---|---|---|
| 15-Caucasian | 5-Caucasian | 6-Caucasian | 2-Caucasian |
| 3-Black | 0-Black | 1-Black | 0-Black |
| 1-Hispanic | 0-Hispanic | 0-Hispanic | 0-Hispanic |

| Clothing Factory | Prison Industry T-3 | Concrete Design System |
|---|---|---|
| 25-Hispanic | 40-Caucasian | 2-Caucasia -Serving Life Sentence. |
| 2-Black | 6-Black | 0-Black Serving Life |
| 2-Caucasian | 1-Hispanic | 0-Hispanic Serving Life |

### MAINTENANCE

20-Caucasian
7-Black
1-Hispanic

It is common knowledge <u>all</u> highest paying inmate jobs, held by caucasian inmates.

27.  Defendant Cresey assigned area where inmates required report for visits and interviews.  Defendant has implimented different procedures for searching black/hispanic versus caucasian inmates.

Often, caucasian inmates not searched. Should black or hispanic inmates say something defendnat Creasey dislikes, their visit cancelled. The aforemntion individual utilize word "nigger" in various conversation with caucasian staff and inmates. Has stated openly in presents of plaintiff's, black inmates dislike caucasians. On one occassion made racial comments to C/O Townsend, concerning black desire for chicken and gold. This individual has constantly disrespected black visitors, entered visiting room, stating it's tiie for you people to go, on many occassions including plaintiff's visits as black girls when individual grown women.

## GROUNDS FOR INJUNCTIVE RELIEF

1. The aforesaid condition resulting from defendants policies and practices are known to the defendants their agents, and their employees, these ocnditions have been allowed to continue, withou appropriate and effective efforts being made to bring about their elimination or corrections, in a manner that would provide timely relief for the plaintiff and other situated.

2. The aforesaid official practice and resultant conditions are allowed to contine and are imposed by defendants acting under color of law of the State of Delaware.

3. Plaintiss ar suffering and will contine to suffer immediate, substantial and irreparable injury unless unjunctive relief is issued.

4. Retain jurisdiction of this action until the Court is satisfied that polices and practices complained of herein have been eliminated and that adequate safeguards have been taken to prevent their reappearence in the future.

5. Reinstate NAACP Prison Chapter 2032 office, equipment and permit members of outside support group attend meeting and forums.

6. Impliment policy protecting handicapped defendants being required wait outside in negative weather. Going to messhall, visits, education/vactional and medical appointments.

7. Plaintiff provided necessary winter clothings, rather they work or not.

8. Develop departmental regulations governing hiring, termination and transferring inmates in various jobs.

9. When inmates classified by various levels of classification to specific job, place procedure determining why individual not hired.

10. Cease permitting practice of caucasian inmates being permitted referral of specific inmates be hired.

11. Each of the plaintiffs be reviewed for jobs classified too by various levels of classification, and reason not assigned same.

12. Develop operational procedures, governing employment, which will eliminate hiring based on race.

13. Cease discrimination of hiring inmates assigned wheelchairs, and other physical disabilities.

14. Comply with language of American Disabilities Acts, in dealing with plaintiffs under same.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs pray that this Court enter judgment on their behalf and provide the following relief:

1. Order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that this action be maintained as class action and counsel appointed to protect rights of all black prisoners possible members of the class;

2. Enter an order prohibiting defendants from engaging in policies and practice, in discriminating in the hiring of black prisoners at the Delaware Correctional Center;

3. Defendants develop sensitivity program for correctional staff, address dealing with minority prisoners;

4. Aware nominal, compensatory and punitive damages to plaintiffs for physical and emotional harms, suffered by plaintiffs as result of having been confined under unlawful and unconstitutional conditions described herein due to defendant's deliverate and callous indifference; and

5. Order such other relief as this Court deems just, proper and equitable.

Respectfully submitted,

JAMES WILSON, SBI# 163663

DAVID T. SCOTT, SBI# 112325

MICHAEL BARTLEY, SBI#

DAMON GIBSON, SBI #

BRYON WARNER, SBI# 294089

ABDULLAH G. HUBBARD, SBI# 151192

ROBERT SAUNDERS, SBI# 052370

MEL MCCALLISTER, SBI# 180852

NORMAN INGRAM, SBI # 263838